UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXIS PAUPAW-MYRIE,

                              Plaintiff,

              -against-

MT. VERNON CITY SCHOOL DISTRICT;
NATASHA HUNTER-McGREGOR,

                              Defendants.

21-CV-11237 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, alleging that Defendants discriminated against her on the basis of her race and color. By order dated January 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP) – that is, without prepayment of fees.

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v.*

*Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Mt. Vernon City School District and Natasha Hunter-McGregor and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   January 6, 2022
        White Plains, New York

                                                CATHY SEIBEL
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Mt. Vernon City School District
   165 North Columbus Avenue
   Mt. Vernon, N.Y. 10553

2. Natasha Hunter-McGregor, Principal
   Graham Elementary School
   421 East 5th Street
   Mt. Vernon, N.Y. 10553